Dear Mr. O'Hara:
This letter is in response to your questions asking:
 Are nurse-midwives authorized to practice nurse-midwifery under current Missouri law?
 Federal regulations define a nurse-wife as a registered professional nurse who is authorized to practice under state law and who is certified by the American College of Nurse-Midwives or eligible for certification. 42 U.S.C. § 1396d(m); 42 CFR § 440.165(b).
 Federal law defines nurse-midwife services as those services provided by a qualified nurse-midwife which (1) are concerned with the care of mothers and babies throughout pregnancy, labor, birth, and six weeks after birth; (2) are furnished within the scope of practice authorized by State law and to the extent permitted by the facility in which the services are rendered; and (3) are reimbursed without regard to whether the nurse-midwife is under the supervision of a physician unless this is required by State law or the regulations of the facility. 42 CFR § 440.165(a).
 Federal law requires that the State Medicaid Plan provide coverage of nurse-midwife services for the categorically needy to the extent nurse-midwives are authorized to practice under State law. 42 U.S.C. § 1396a(10) (A); 42 U.S.C. § 1396d(a) (17); 42 CFR § 440.210.
 If nurse-midwives are authorized to practice in Missouri, to what extent are they authorized to practice?
(Emphasis in original.)
Your opinion request indicates that the current Missouri Medicaid Plan, in effect since July 1, 1982, does not allow for the reimbursement of nurse-midwife services on the ground that nurse-midwives are not authorized to practice in Missouri.
In State ex rel. Missouri State Board of Registration forthe Healing Arts v. Southworth, 704 S.W.2d 219, 221 n. 2 (Mo. banc 1986), the court stated:
 2. Section 334.010, RSMo 1978, provides that "[i]t shall be unlawful for any person not now a registered physician within the meaning of the law to . . . engage in the practice of midwifery in this state, except as herein provided" (emphasis added). There are no longer any provisions for the licensing of midwives, except that § 334.260, RSMo 1978, provides: "On August 29, 1959, all persons licensed under the provisions of chapter 334, RSMo 1949, as midwives shall be deemed to be licensed as midwives under this chapter and subject to all the provisions of this chapter." Additionally, the provisions of Chapter 334, and thus § 334.010, do not apply to specified professions, including "nurses licensed and lawfully practicing their profession within the provisions of chapter 335, RSMo." Section 334.155, RSMo. Cum. Supp. 1984. See Sermchief v. Gonzales, 660 S.W.2d 683 (Mo. banc 1983).
(Emphasis in original.)
We assume for purposes of this opinion that you are not concerned with the "grandfather" clause in Section 334.260, RSMo 1978. Rather, we understand your questions to involve the "nursing" exemption to the prohibition on midwifery in Section334.010, RSMo 1978.
In Sermchief v. Gonzales, 660 S.W.2d 683, 689 (Mo. banc 1983), the court indicated that the 1975 amendments to the Nursing Practices Act eliminated the requirement that a physician directly supervise nursing functions and created an "open-ended" definition of professional nursing. The court stated: "We believe this phrase [ — the open-ended definition of professional nursing — ] evidences an intent to avoid statutory constraints on the evolution of new functions for nurses delivering health services." Id. The court then went on to sanction nurses performing the following functions pursuant to standing orders and protocols approved by physicians: "breast and pelvic examinations; laboratory testing of Papanicolaou (PAP) smears, gonorrhea cultures, and blood serology; the providing of and giving of information about oral contraceptives, condoms, and intrauterine devices (IUD); the dispensing of certain designated medications; and counseling services and community education." 660 S.W.2d at 684 and 689.
Based upon our reading of Gonzales, we believe nurse-midwifery generally comes within the definition of "professional nursing" in Section 335.016(8), RSMo 1978; therefore, nurse-midwives are exempt from the prohibitions in Section 334.010, RSMo 1978, by virtue of Section 334.155, RSMo Supp. 1984, and are generally authorized to practice nurse-midwifery under current Missouri law. Accordingly, Opinion No. 79, Domke, 1972, is hereby withdrawn.
Your second question regarding the extent to which nurse-midwives can practice in Missouri cannot be answered in the abstract. However, to the extent that the practice does not come within the definition of "professional nursing" in Section335.016(8), RSMo 1978, or such practice is not performed by a registered professional nurse, such conduct is prohibited by Section 334.010, RSMo 1978.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General